IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BILL J. ROWLAND, individually | § | |
| and as executor of the Estate of | § | |
| Marianne Rowland, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 7:07-cv-18-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a tax refund suit filed by Plaintiff Bill J. Rowland ("Plaintiff" or "Rowland"),

individually and as executor of the Estate of Marianne Rowland. Rowland moves for summary

judgment on the basis that he is entitled to a refund because the IRS assessed taxes and interest after

the limitations deadline. ECF No. 37, 37-1. The United States filed a Renewed Motion for

Summary Judgment (ECF No. 34). Rowland filed a Response (ECF No. 40) and Cross-Motion for

Summary Judgment Based on Untimely Assessment Under 26 U.S.C. § 6501(a) (ECF No. 37). The

United States filed a Response (ECF No. 42) and Rowland filed a supplemental brief (ECF No. 43).[1]

Rowland filed four notices of recent authority (ECF Nos. 41, 44, 47, and 49), and the United States

filed two (ECF Nos. 48, 50), which this Court has also considered.

Issues similar to those raised in this case have now been addressed by a number of courts,

---

[1] Rowlands' Motion for Leave to File a Supplemental Brief (ECF No. 43) is granted. The Court treats the United States' response opposing the motion to file the brief (ECF No. 45), which addresses the substantive merits of Rowland's argument, as a response.

including recently by the United States Court of Appeals for the Fifth Circuit. Based on those cases, the motions, briefs, and responses thereto, and the applicable law, the Court **GRANTS** the United States' Motion for Summary Judgment and **DENIES** Rowland's Motion for Summary Judgment Based on Untimely Assessment Under 26 U.S.C. § 6501(a).

## I. Statutory, Factual, and Procedural Background

### A. Statutory Background

Partnerships are not directly subject to income tax. 26 U.S.C. § 701. Partners are liable for the tax in their individual capacities, on a *pro rata* basis corresponding to their ownership interest in the partnership. 26 U.S.C. § 701; *Chimblo v. Comm'r of Internal Revenue*, 177 F.3d 119, 121 (2d Cir. 1999); *Kaplan v. United States*, 133 F.3d 469, 471 (7th Cir. 1998). Congress enacted the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), 26 U.S.C. §§ 6221-6233, to achieve consistent treatment of all partners in a partnership and to alleviate the administrative burden of determining partnership related tax issues at the individual partner level. 26 U.S.C. § 6221; *Weiner v. United States*, 389 F.3d 152, 154 (5th Cir. 2004); *Alexander v. United States*, 44 F.3d 328, 330 (5th Cir. 1995).

Under TEFRA, the treatment of all partnership items must be determined at the partnership level. 26 U.S.C. § 6221; *Weiner*, 389 F.3d at 154. A partnership item is "any item required to be taken into account for the partnership's tax year" if the applicable regulations provide that the item "is more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3). The Treasury Regulations more specifically define partnership items as "items of income, gain, loss, deduction or credit of the partnership." Treas. Reg. § 301.6231(a)(3). A "nonpartnership item" is "an item which is (or is treated as) not a partnership item." 26 U.S.C. §

6231(a)(4).  The tax treatment of nonpartnership items requires partner-specific determinations that must be made at the individual partner level.  *See Crnkovich v. United States*, 202 F.3d 1325, 1328-29 (Fed. Cir. 2000).

TEFRA also includes a hybrid category of "affected items."  An affected item" is "any item to the extent such item is affected by a partnership item."  26 U.S.C. § 6231(a)(5).  For example, a taxpayer-partner's medical expenses deduction under 26 U.S.C. § 213(a) is an "affected item."  Because a taxpayer can deduct medical expenses only to the extent they exceed 7.5% of adjusted gross income, a change in the partnership's income affects the amount of the partner's deduction.  Affected items can have both partnership-item and nonpartnership-item components.  For example, determining a limited partner's "amount of risk" for purposes of 26 U.S.C. § 465 may require a partnership-item determination of the amount of partnership debt and a nonpartnership-item determination of the amount of that debt assumed by the limited partner.

There are two different types of affected items.  "The first type of affected item requires only a computational adjustment at the partner level, which can only be made at the conclusion of the partnership level proceeding."  *Woody v. Comm'r*, 95 T.C. 193, 201-02 (1990) (citing *N.C.F. Energy Partners v. Comm'r,* 89 T.C. 741, 744, 1987 WL 45298 (1987)).  "The term 'computational adjustment' means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item."  26 U.S.C. § 6231(a)(6).  "A computational adjustment may include a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item."  26 C.F.R. § 301.6231(a)(6)-1T(a).  Such a "computational affected item" may be applied to the individual partner without any factual determination at the partner level.  "The other type of affected item is one that is dependent upon

factual determinations (other than a computation) relating to an adjustment made at the partner level." *Woody*, 95 T.C. at 202; *N.C.F. Energy Partners*, 89 T.C. at 744-75. These affected items require fact-finding particular to the individual partner.

TEFRA requires partnerships to designate a "tax matters partner" ("TMP") to act as a liaison between the Internal Revenue Service ("IRS") and the partnership in any tax-related proceedings. 26 U.S.C. § 6231 (a)(7)(A); *Addington v. Comm'r of Internal Revenue*, 205 F.3d 54, 60 (2d Cir. 2000). The IRS must provide notification to individual partners of any adjustments it believes are necessary as to "partnership items" reported in the partnership return. This notification is provided through a Notice of Final Partnership Administrative Adjustment ("FPAA"). A Notice of FPAA sets out the proposed adjustments, for example, disallowing all or part of the partnership's deductions, and lists the grounds. 26 U.S.C. § 6223; *see also Kaplan*, 1433 F.3d at 471. The IRS has three years from the date a partnership return is due to be filed in which to issue an FPAA. 26 U.S.C. § 6229(a).[2]

For ninety days after a Notice of FPAA issues, the TMP has the exclusive right to challenge the proposed adjustments in Tax Court, the Court of Federal Claims, or a United States District Court. 26 U.S.C. § 6226(a). If the TMP does not file suit challenging the proposed adjustments

---

[2] Section 6229(a) of the Code provides:

General rule.-Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of–

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

within this period, other partners have sixty days to file a petition for readjustment. *Id.* § 6226(b)(1). If a partnership-level challenge is filed, each partner in the partnership is deemed a party to the case. 26 U.S.C. § 6226(c)(1).

If a partner settles his tax liability with the IRS, the partner will not be able to participate in the partnership-level suit and will be bound by the settlement agreement terms. *Id.* §§ 6228(a)(4), 6226(c)(1). If the IRS enters into a settlement agreement with any partner with respect to partnership items, other partners are entitled to a consistent settlement as to those partnership items. *Id.* § 6224(c)(2). The TMP may bind "non-notice" partners to a settlement agreement resolving partnership items if the TMP expressly states in the agreement that it "shall bind the other partners." *Id.* § 6224(c)(3)(A). A non-notice partner is a partner with less than a one-percent interest in a partnership that has more than one hundred partners. *See id.* §§ 6231(a)(8), 6223(b)(1).

In a partnership-level proceeding, the Tax Court has jurisdiction to determine all partnership items for the tax year to which the FPAA relates. The Tax Court also has jurisdiction to determine the proper allocation of the partnership items among the partners. *Id.* § 6226(f). For tax years before 1997, the Tax Court does not have jurisdiction over nonpartnership items or over affected items.[3] *Id.* The TMP and the IRS may reach an agreed decision in the Tax Court as to partnership items. Tax Court R. 248(b). In a partner-level refund action, district courts do not have jurisdiction over partnership items. 26 U.S.C. § 7422(h).

B.     Factual and Procedural Background

---

[3] Congress amended Section 6226(f) in 1997 to grant the Tax Court jurisdiction over "the applicability of any penalty, addition to tax, or additional amount which related to an adjustment to a partnership item." The amendment was limited to tax years ending after August 5, 1997.

Rowland filed the instant suit to recover income tax and interest assessed and paid in 2002 for tax year 1984. In the early to mid-1980's, a group of limited partnerships were organized by American Agri-Corp ("AMCOR") primarily to rent land to grow crops, sell the crops to purchase other land on which other crops were grown, and later sell that land for profit. *Weiner*, 389 F.3d at 153. Each partner received a projected tax loss from crop plantings in the first year averaging roughly twice his investment. Pl. Resp. U.S. Mot. Summ. J. 1, ECF No. 22. The amount of loss in excess of his cash invested would be recaptured in later years when the first year crops were sold, and taxes would then be paid on that amount. *Id.*

In 1984, Rowland invested $15,000 as a limited partner in Pump Station III Associates ("PS3A"), one of the AMCOR partnerships. Pl. Br. Mot. Summ. J. ¶ 1, ECF No. 37-1. Rowland filed his 1984 return on April 15, 1985, reporting his apportioned PS3A losses as required by § 6222(a). *Id.* ¶ 2. In 1985, PS3A filed its Form 1065 partnership return. *Id.* ¶ 3. In 1991, the IRS issued an FPAA for 1984 proposing to disallow all of PS3A's farming expenses and other deductions based on partnership-level management activities. *Id.* ¶ 4. A partner other than the TMP filed a § 6226 partnership-level tax suit in the Tax Court ("the § 6226 Suit" or "PS3A Suit")[4] to contest the proposed adjustments in the FPAA issued to PS3A for 1984. *Id.* ¶ 5. In paragraph 10A of that petition, it was asserted that, among other things, the statute of limitations barred assessment of income tax attributable to any partnership items for the year 1984. U.S. Supp. Br. Mot. Summ. J. 3, ECF No. 35.

---

[4] Rowland refers to a "PS3A Suit" and "§ 6226 Suit" in his Motion for Summary Judgment and Response to the United States' Motion for Summary Judgment, respectively. *See* Pl. Mot. Summ. J. ¶ 5, ECF No. 37-1; Pl. Resp. U.S. Mot. Summ. J. 2, ECF No. 22. Based on context, the Court construes Rowland's differing references to refer to the same suit.

The Commissioner of Internal Revenue filed an Answer in the PS3A Suit specifically denying the petitioners' allegations as to the statute of limitations barring assessment of income tax attributable to any partnership items for the year 1984. *Id.* The IRS also asserted in its Answer as an affirmative defense that PS3A's 1984 partnership return was invalid. Pl. Mot. Summ. J. 2, ¶ 7, ECF No. 37-1.

While the § 6226 Suit was pending, many partners formally settled their partnership items with the IRS individually on Forms 870-P(AD). Pl. Resp. U.S. Mot. Summ. J. 7, ECF No. 22. The IRS solicited partnership-item settlements from PS3A agreeing that 62% of PS3A's 1984 partnership-item deductions were correct as originally reported, abandoning its affirmative defense that PS3A's 1984 partnership return was invalid. Pl. Br. Mot. Summ. J. ¶ 8, ECF No. 37-1. The Rowlands never individually entered into a formal settlement with respect to PS3A.

In 1999, Frederick H. Behrens, as TMP, intervened in the PS3A Suit and in over 40 other suits related to the AMCOR partnerships. *Id.* ¶ 9. Behrens and the IRS stipulated to be bound by the outcome of specific motions in other cases regarding IRS misconduct. *Id.* ¶ 10. The IRS moved to adopt "a binding test case procedure to resolve common issues of law and fact." *Id.* ¶ 11. The TMP objected, and the Tax Court denied the IRS' motion. *Id.* After further negotiations, Behrens and the IRS chose, for judicial and fiscal economy, a range of representative partnerships to try specific issues ("the Test Case Group"). *Id.* ¶ 13. They stipulated that (i) some issues would be "bound to the final outcome" of similar issues in the Test Case Group, (ii) some amounts would "be equal to the portion of [similar issues] allowed based on the [Tax] Court's findings of fact and law" in the Test Case Group, (iii) the outcome of each partnership's "statute of limitations issue . . . [would] be determined in a manner consistent with the [Tax] Court's findings of fact and law on the

statute of limitations issues in the Test Case Group . . . ", and (iv) any common issues not specifically stipulated would "be determined on the same basis as those issues are determined for the "Test Case Group." *Id.* ¶ 14.

On or about December 5, 1999, the parties to the PS3A suit executed a Stipulation to Be Bound. *Id.* In paragraph 7 of that stipulation, they agreed "that the outcome of the statute of limitations issues present in this Partnership Case will be determined in a manner consistent with the Court's findings of fact and law on the statute of limitations issue" present in the Test Case Group case of *Agri-Venture Assoc. v. C.I.R.*, 2000 WL 1211147, 80 T.C.M. (CCH) 295, 306 (2000), which case had been consolidated with the *Agri-Cal Venture v. Commissioner* Tax Court case, docket number 12530-90. *See id.* ¶ 17. That stipulation was filed with the Tax Court on December 6, 1999.

On June 29, 2000, the Tax Court adopted the IRS' litigating position that the deadline to assess tax attributable to partnership items against any particular partner is controlled by § 6501(a) and that § 6229(a), with any relevant exception, is merely a possible extension of that period. In other words, § 6229(a) is not a statute of limitations a partner can raise to bar assessment. Pl. Br. Mot. Summ. J. ¶ 16, ECF No. 37-1. On August 28, 2000, an opinion was entered in the *Agri-Cal Venture Associates* case. *Id.* ¶ 17 (citing *Agri-Cal Venture Assoc.*, 80 T.C.M. at 306). That opinion addressed some partnership-item limitations-related issues for partnerships in the Test Case Group, and decided the 1984 statute of limitations issues in favor of the government. *Agri-Cal Venture Assoc.*, 80 T.C.M. at *7-11.

The IRS and Behrens then chose to settle the PS3A suit as part of a "contingent agreement". *See* Pl. Br. Mot. Summ. J. ¶ 18, ECF No. 37-1. On April 16, 2001, the IRS filed a Motion for Entry

of Decision in the PS3A Suit. U.S. Br. Mot. Summ. J. ¶ 6, ECF No. 19. That motion was granted on July 19, 2001. *Id.* On July 19, 2001, the Tax Court entered its Decision in the PS3A case. *Id.* With respect to 1984, the Tax Court determined PS3A's claimed farming expenses should be reduced by $1,763,253. *Id.* The IRS and TMP agreed that 58% of PS3A's farming expenses and 100% of its "other deductions" were proper and allowed "as reported" on that partnership return. Pl. Br. Mot. Summ. J. ¶ 28, ECF No. 37-1. The Tax Court further determined that the adjustments to PS3A's farming expenses were "attributable to transactions which lacked economic substance, as described in former I.R.C. § 6221(c)(3)(A)(v), so as to result in a substantial distortion of income and expense, as described in I.R.C. § 6221(c)(3)(A)(iv), when computed under the partnership's cash receipts and disbursements method of accounting." U.S. Br. Mot. Summ. J. ¶ 7, ECF No. 19.

The Joint Status Report, filed December 18, 2000, summarized the "contingent basis for settlement" and stated:

> The Decision to be entered in each partnership proceeding will contain the following factual finding by the Court:
> . . . .
>
> That the assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for tax years [1984, 1985, and 1986] set forth herein are not barred by the provisions of I.R.C. § 6229.

Pl. Br. Mot. Summ. J. ¶ 21, ECF No. 37-1. In the Motion for Entry of Decision, the IRS represented that its contingent agreement with the TMP was "with respect to all of the disputed partnership items at issue in the FPAA cases [and] [t]he portion of the contingent agreement that relates to the partnership items at issue in these proceedings is reflected in the Decisions submitted herewith." Pl. Br. Mot. Summ. J. ¶ 22, ECF No. 37-1. It further stated that only those partners "who meet the interest requirements of I.R.C. § 6226(d) are deemed to be parties to those partnership proceedings

. . . [and] will be bound by the determination of partnership items set forth therein [in the decisions]." *Id.* The motion went on to state that if any partner in any partnership objected to the proposed agreed decisions, then every decision would be withdrawn for every partnership. *Id.* ¶ 23. The agreement between the TMP and IRS was contingent on all of the agreed decisions becoming final, i.e., on all of the partners in all of the partnerships declining to object. *Id.* The IRS and TMP agreed that their contingent agreement merely "sets forth how the Decisions will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings." *Id.* (emphasis removed).

The IRS represented in the motion that the TMP agreed that the parties (i) would have no right to appeal from any Tax Court proceedings, and (ii) "expressly waived all claims against [the IRS], his employees, and representatives arising from or" based on administrative investigations and examinations and the conduct of the Tax Court litigation. Pl. Br. Mot. Summ. J. ¶ 24, ECF No. 37-1. In return, the IRS agreed, among other things, that the TMP personally would (i) be subject to only a 10% § 6661 penalty for substantial understatement instead of the normal 25%, and (ii) not be subject to any § 6653 negligence penalty. *Id.* ¶ 25. Rowland asserts that Behrens, the TMP, understood that as TMP he had authority to bind only "non-notice" partners, and only as to § 6231(a)(3) partnership items. *Id.* ¶ 26. In addition, Rowland asserts Behrens understood he had no authority to bind any partners to nonpartnership or affected items. *Id.* (citing § 6224(c)(3)). The IRS and Behrens chose not to reference any of the IRS' prior limitations-related allegations or to incorporate any of the Tax Court's *Agri-Cal* findings, but instead agreed, consistent with the IRS' litigating position and the Tax Court's holding in *Rhone-Poulenc Surfactants & Specialties, L.P. v. C.I.R.,* 114 T.C. 533, 542-43 (2000):

> That the assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for the years 1984-1985 not barred by the provisions of I.R.C. § 6229.

Pl. Br. Mot. Summ. J. ¶ 27, ECF No. 37-1.

On September 2, 2002, the IRS assessed $5,564.00 in tax and $30,253.44 in interest against Rowland for the year 1984.[5] Pl. Br. Mot. Summ. J. ¶ 30, ECF No. 37-1. Prior to the assessment, the IRS sent Rowland a notice of computational adjustment applying the Tax Court's decision to Rowland. *Id.* Rowland asserts that the IRS never requested or obtained any extension, suspension, or waiver of his § 6501 assessment deadline. *Id.* ¶ 29.

On September 2, 2002, the IRS billed Rowland for the assessed amounts. By April 23, 2003, Rowland fully paid the net assessments. On November 15, 2004, Rowland filed a claim or claims for refund of the net assessments of tax and interest for 1984. *Id.* ¶ 31. The IRS never responded, and Rowland filed his complaint in this suit on January 25, 2007. *Id.* ¶ 32.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Fed. R. Civ. P. 56; *see also Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] Fed. R. Civ. P. 56(a); *see also Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

---

[5]Additional assessments and abatements of interest were subsequently made by the IRS. *Id.*

[6] This language reflects the amendments to the Federal Rules which came into effect on December 1, 2010. As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary-judgment standard expressed in former subdivision (c)." *See* Fed. R. Civ. P. 56(a) advisory committee's note (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

(1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The moving party bears the burden of showing that summary judgment is appropriate.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Id.*; Fed. R. Civ. P. 56.  The Court must review the evidence in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant.  *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988).  The court cannot make a credibility determination in light of conflicting evidence or competing inferences.  *Anderson*, 477 U.S. at 255.  As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied.  *Id.* at 250.

### III.    Analysis

Rowland seeks a refund on the basis that the IRS assessed after his limitations period expired and alternatively, for the portion paid due to the improper imposition of § 6621(c) penalty interest and relief under § 6404(e).

The United States moves for summary judgment, arguing that this Court lacks subject matter jurisdiction over Rowland's § 6404(e)(1) and statute of limitations claims.  With respect to Rowland's claims regarding § 6621(c) penalty interest, the United States argues: 1) Rowland's claims are barred by res judicata, 2) this Court generally lacks subject matter jurisdiction over

Rowland's claims for refund under § 6621(c) based on § 7422(h), and 3) this Court lacks subject matter jurisdiction over Rowland's § 6621(c) claims based on his failure to timely file the claim for refund.

### A. Claims for Abatement

Rowland asserts that interest should be abated under § 6404(e) of the Code for a period that coincides with a criminal investigation of the individuals who conceived and marketed the underlying partnership and that the IRS erroneously failed to do so. Compl. ¶ 13, H & I, at 5-6. The Supreme Court has determined that the district court lacks jurisdiction to determine this issue. *Hinck v. United States*, 550 U.S. 501 (2007). Rowland admits this claim should be dismissed. Pl. Resp. U.S. Mot. Summ. J. 4, ECF No. 22. Accordingly, Rowland's claims for abatement of interest under § 6404(e) of the Code are dismissed.

### B. Statute of Limitations

The next issue is whether this Court has subject matter jurisdiction over Rowland's claim for refund based on tax and interest assessments being barred by the three-year statute of limitations provided for in 26 U.S.C. § 6501(a). Section 6501 provides a default assessment period of three years after the return is filed. 26 U.S.C. § 6501(a); *Burks v. United States*, 633 F.3d 347, 349 (5th Cir. 2011); *Curr-Spec Partners, L.P. v. Comm'r of Internal Revenue*, 579 F.3d 391, 395 (5th Cir. 2009). Section 6501(a) provides:

> (a) General Rule.– Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) . . . .

26 U.S.C. § 6501. The statute contains various exceptions. For example, the IRS may assess tax "at any time" against one who fails to file a return or who willfully attempts improperly to avoid

paying tax, including by filing a false return. *Id.* § 6501(c) (1)-(3). The taxpayer may also agree to an extension. *Id.* § 6501(c)(4). Some extensions are provided by cross-references to other sections of Title 26. *See id.* § 6501(c)(5), (n). Subsection (n)(2) provides: "For extension of period in the case of partnership items (as defined in section 6231(a)(3)), see section 6229."

Section 6229(a) provides:

(a) General rule.– Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of –

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

*Id.* § 6229(a). Like § 6501, § 6229 measures the assessment period from the date on which the return was to have been or actually was filed, whichever is later. Also like § 6501, § 6229 provides for extension by agreement. The IRS may extend the three-year period partnership-wide through agreement with the TMP and with respect to individual partnerships by agreement with individual partners. *Id.* § 6229(b). When the partnership does not file a return, the IRS may assess taxes and interest at any time. *Id.* § 6229(c)(3). If any partner signs or participates in the filing of a false return with the intent to evade tax, the IRS may assess taxes and interest at any time against that individual partner and the § 6229(a) three-year period is extended to six years for the remaining partners. *Id.* § 6229(c)(1). The same result applies when there is a substantial omission of income, as defined by § 6501(e)(1)(A). When the IRS issues an FPAA, the three-year period is tolled until a year after the time expires for any partner to challenge the adjustment if no partner challenges, and a year after a final decision on a challenge that any partner does file. *Id.* § 6229(d). The three-year

period is also tolled as to an individual partner while that partner is in Chapter 11 bankruptcy proceedings. *Id.* § 6229(h).

The Fifth Circuit has recognized that § 6229(a) is not "an independent statute of limitations" that sets a time limit for assessing tax. *Curr-Spec*, 579 F.3d at 401. Instead, "§ 6229(a) establishes . . . the *minimum* time period that, when necessary, extends, i.e., supercedes, the general three-year limitations period of § 6501(a). For partnership items, the otherwise applicable limitations period of § 6501(a) '*shall not expire before* the date which is 3 years after the later of . . . the date on which the partnership return . . . was filed' or the date on which it was due." *Id.* at 396 (quoting 26 U.S.C. § 6229(a)) (emphasis in original); *accord Bakersfield Energy Partners, LP v. Comm'r*, 568 F.3d 767, 770 n. 5 (9th Cir. 2009); *AD Global Fund, LLC ex rel. North Hills Holding, Inc. v. United States*, 481 F.3d 1351, 1354 (Fed. Cir. 2007); *Andantech L.L.C. v. Comm'r,* 331 F.3d 972, 977 (D.C. Cir. 2003); *Rhone-Poulenc,* 114 T.C. at 542. If § 6229 applies, it may extend, but cannot shorten, the three-year assessment period under § 6501(a).

A federal district court has subject matter jurisdiction over refund actions under 28 U.S.C. §§ 1340, 1346(a)(1); *Weiner v. United States*, 389 F.3d 152, 155 (5th Cir. 2005). Section 7422(h) of TEFRA generally strips district courts of subject matter jurisdiction to hear "action[s] . . . for a refund attributable to partnership items (as defined in section 6231(a)(3))." 26 U.S.C. § 7422(h); *Weiner*, 389 F.3d at 155.[7] Section 7422(h) "promote[s] judicial economy and consistency of decision" by "avoid[ing] the prospect of courts wasting considerable resources deciding substantive tax issues in unified partnership proceedings, only to find out later that no assessments can be made"

---

[7] Section 7422(h) provides: "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3) except as provided in section 6228(b) or section 6230(c)." 26 U.S.C. § 7422(h).

and preventing individual partners from revisiting partnership-wide determinations in individual proceedings. *Keener v. United States*, 76 Fed. Cl. 455, 462 (Fed. Cl. 2007).

In this and similar cases, the individual partner filing the tax refund suit and the United States dispute whether the federal district court has subject matter jurisdiction to hear the refund action. This Court follows the opinions issued to date concluding that because the limitations argument that is the basis of the refund claim requires determining whether the assessment period was extended by § 6229 (b)(1)(B) and (c)(3), and these determinations are of partnership items, subject matter jurisdiction is lacking under § 7422(h), which prevents a district court from determining partnership items in refund actions.

In *Weiner v. United States*, the Fifth Circuit held that Courts lack subject matter jurisdiction to hear a refund action in which a taxpayer argues that the § 6229(a) period has expired. 389 F.3d at 156-57. Like this case, *Weiner* involved assessments based on AMCOR partnerships. *Id.* at 153. The assessments in *Weiner* related to tax returns filed between 1984 and 1986. *Id.* The IRS sent the partnerships FPAA notices in 1990 and 1991, after the three-year § 6501(a) period had passed. *Id.* Partners contested the assessments as time-barred in partnership-level suits initiated in 1991. *Id.* at 153-54. The taxpayers settled their claims with the IRS in 1997 and filed refund suits in 2000. The taxpayers argued that they were entitled to refunds under § 6229(a) based on limitations. The Fifth Circuit disagreed, holding that the issue of whether limitations has expired under § 6229(a) "affects the partnership as a whole," making that issue a partnership item. *See id.* at 156-57. Under § 7422(h), a district court does not have subject matter jurisdiction over "action[s] . . . for a refund

attributable to partnership items." As a result, the federal district court lacked jurisdiction to consider the refund action based on § 6229(a).[8]

Whether Rowland is entitled to a refund depends on whether subsections (b)(1)(B) and (c)(3) apply, extending the three-year assessment period under § 6501(a). As with subsection (a), determining whether subsections (b)(1)(B) and (c)(3) apply requires the determination of partnership items because the subsections' application do not vary partner to partner. *See Weiner*, 389 F.3d at 156-57. Subsection (b)(1)(B) provides that the assessment period "may be extended . . . with respect to all partners, by an agreement" between the TMP and the IRS. The issue has partnership-wide implications, so it is a partnership item. Subsection (c)(3) provides that "[i]n the case of a failure by a partnership to file a return for any taxable year, any tax attributable to a partnership item (or affected item) arising in such year may be assessed at any time." The question under § 6229(c)(3) is whether the partnership filed a return. That inquiry does not vary from partner to partner and is a partnership item. *See Kaplan*, 133 F.3d at 472-73. Under *Weiner,* courts lack jurisdiction over actions for refunds attributable to partnership items, such as the application of § 6229 (b)(1)(B) or (c)(3). 389 F.3d at 157-58.

Thus, §§ 6501 and 6229 are not independent limitations periods. *Curr-Spec*, 579 F.3d at 396. Rowland's refund, if any, would be "attributable to" the inapplicability of § 6229 (b)(1)(B) and (c)(3), just as the *Weiner* taxpayers' refunds would have been "attributable to" the inapplicability of § 6229(a). *See* 26 U.S.C. § 7422(h); *Weiner*, 389 F.3d at 156-57. When a taxpayer's refund action requires a court to determine whether partnership items such as § 6229(b)(1)(B) or (c)(3)

_____

[8] *Weiner* refers on several occasions to § 6229(a) as a "statute of limitations." *See, e.g. Weiner*, 389 F.3d at 156. *Curr-Spec* clarified that the references were *dicta* and, as discussed above, held that § 6229 can only extend the assessment period. 579 F.3d at 399-400 (distinguishing *Weiner*).

applies to extend the three-year assessment period under § 6501(a), it must be dismissed for lack of subject matter jurisdiction, even if the taxpayer frames his argument under § 6501.[9] *Varela v. United States*, No. 4:07-cv-343, slip op. at 13 (S.D. Tex. June 2, 2011) (order dismissing plaintiff's claims based upon the statute of limitations).

Every court of appeals to consider whether a partner can assert a limitations defense common to the partnership has held that the claim must be asserted in the partnership proceedings. *Id.* (citing *Keener v. United States*, 551 F.3d 1358, 1363 (Fed. Cir. 2009); *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1260 (11th Cir. 2000); *Chimblo v. Comm'r*, 177 F.3d 119, 125 (2d Cir. 1999); *Kaplan*, 133 F.3d at 473 (7th Cir. 1998); *Williams v. United States*, 165 F.3d 30 (6th Cir. 1998) (Table).[10] Every court to consider contentions similar to those Rowland raises, that a refund suit based on a limitations argument under § 6501 is different from a refund suit based on limitations under § 6229, has rejected the contentions. *See Prati v. United States*, 603 F.3d 1301, 1306-107 (Fed. Cir. 2010), *cert. denied sub nomine Deegan v. United States,* 131 S. Ct. 937 (2011), and *Prati v. United States*, 131 S. Ct. 940 (2011); *Kercher v. United States*, No. 4:07-cv-310, 2010 WL 4736909, at *6-8 (E.D. Tex. Nov. 16, 2010); *Matthews v. United States*, No. 00-4131, 2010 WL 2305750, at *4 (S.D. Tex. June 8, 2010), *aff'd sub nomine Scott ex rel. Estate of Matthews v. United States*, No. 10-20425, 2011 WL 1834257, at *1 (5th Cir. May 12, 2011) (per curiam) (unpublished); *Varela,* No. 4:07-cv-343 at 13. Although unpublished, the Fifth Circuit's opinion affirming *Matthews* "is highly persuasive because [it] explicitly rejected the identical argument that [Rowland]

---

[9] The Court notes that this result may be different when the government urges extension based on subsection (b)(1)(A), which provides for an extended assessment period "with respect to any partner, by an agreement entered into by the Secretary and such partner." 26 U.S.C. § 6226(b)(1)(A).

[10] The Tax Court agrees. *Crowell v. Comm'r*, 102 T.C. 683 (1994).

advances here." *Varela*, No. 4:07-cv-343 at 14 (citing *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011)). No court has determined that framing a § 6229 argument as a § 6501 argument escapes § 7422(h)'s reach.

Rowland argues that *Matthews* and the other cases were erroneously decided and should not be followed because they relieve the United States of its burden to show that an exception to the default three-year assessment period applies. *See, e.g., Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 286 (5th Cir. 2002) (noting the government's burden of production to show an exception applies while emphasizing that the "burden of persuasion . . . remains always with the taxpayer"). The issue in this case is not whether subsections (b)(1)(B) and (c)(3) extend the § 6501(a) assessment period. Rather, the issue is whether this Court has subject matter jurisdiction to determine whether they do and order a refund if they do not. *Matthews*, 2010 WL 2305750, at *4. Because § 7422(h) deprives this Court of subject matter jurisdiction to make partnership-item determinations or to order a refund attributable to partnership items, this case must be dismissed without determining whether those subsections of § 6229 apply. *Varela*, No. 4:07-cv-343 at 14 (citing *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)).

Rowland also argues that prohibiting individual partners from asserting refund claims based on § 6229 leaves partners whose assessments arose in partnership-level proceedings before 1997 without any venue to object to the timeliness of partnership tax assessments. This argument is based on *Curr-Spec*, in which the Fifth Circuit explained that § 6229 is not an independent statute of limitations. Because § 6229 operates in conjunction with § 6501, Rowland argues, determining whether a claim assessment is time barred will often involve partner-level determinations. In *Curr-Spec,* for example, the IRS assessed tax after the § 6229(a) period but before the close of the §

19

6501(a) period.  579 F.3d at 393-94.  Rowland argues that before Congress amended 26 U.S.C. § 6226(d) in 1997, partners whose assessment period had expired were not allowed to participate in partnership-level proceedings.  It is unreasonable, Rowland argues, to interpret the statutory scheme in a way that denies them a forum in which to assert their limitations defense.

Rowland argues that § 6226(d) shows that partners could not present individual limitations arguments in partnership-wide proceedings.  Subsection (c) provides:

> (c) Partners treated as parties. – If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year –
>
> (1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and
>
> (2) the court having jurisdiction of such action shall allow each such person to participate in the action.

Subsection (c) finds all partners deemed parties to the case's outcome based on *res judicata* principles.  *See Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 355 (2010) (applying *res judicata* to partners who did not participate in the partnership-level proceedings).  Subsection (d)(1), however, creates an exception to subsection (c).  Before Congress amended it in 1997, subsection (d)(1) provided:

> (1) In order to be party to action.– Subsection (c) shall not apply to a partner after the day on which –
>
> (A) the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or
>
> (B) the period within which any tax attributable to such partnership items may be assessed against that partner expired.

The 1997 amendment added the following language to subsection (d):

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1239(f) (codified at 26 U.S.C. § 1226(f)).

Rowland does not dispute that subsection (d) now provides a court hearing a partnership-level challenge jurisdiction to entertain an individual partner's limitations defense. *See Curr-Spec*, 579 F.3d at 395-96 (holding that the 1997 amendment gives the Tax Court jurisdiction to consider such limitations arguments). Rowland argues that before the 1997 amendment, a court hearing a partnership-level challenge to an FPAA lacked such jurisdiction.

The Federal Circuit rejected this argument in *Prati*. The court acknowledged that treating the limitations issue as a partnership item "required [partners] to raise the limitations issue in the partnership level proceeding." *Prati*, 603 F.3d at 1307. The court observed, however, that partners had the right to do so before the 1997 amendment. "[T]he 1997 amendment merely codified prior practice in the Tax Court; the appellants, as individual partners, were therefore free to participate in the partnership-level proceedings to litigate the statute of limitations issue." *Id.* n.4 (citing *Rhone-Poulenc*, 114 T.C. at 535). Rowland does not dispute that the Tax Court considered limitations arguments before the 1997 amendment or that other partners in the PS3A partnership asserted limitations arguments in the partnership-level proceedings. Instead, Rowland argues that *Prati's* holding wrongly allowed the Tax Court to expand its jurisdiction beyond statutory limits.

Neither *Prati* nor the cases following it directly addressed this argument. This Court is not required to resolve this issue because *Weiner*, *Curr-Spec*, and to some extent *Scott* compel the conclusion § 7422(h) deprives this Court of jurisdiction to determine whether § 6229(b)(1)(B) and

(c)(3) extend the § 6501(a) assessment period. Just as subsections (b)(1)(B) and (c)(3) extend the § 6501(a) assessment period under § 6501(a), so does subsection (a), which was at issue in *Weiner*, 389 F.3d at 156-57. This Court must follow the Fifth Circuit precedent absent an intervening Supreme Court decision or decision of the Fifth Circuit sitting en banc. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citing *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir. 1998)).[11]

Finally, Rowland argues that under *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), this Court should hold that § 7422(h) does not deprive this Court of subject matter jurisdiction to determine whether limitations applies and therefore that the tax refund is due. This argument was similarly raised and rejected by the district court in *Varela*. Contrary to Rowland's argument, *Henderson* is not intervening Supreme Court authority that would allow this Court to ignore Fifth Circuit precedent. *Henderson* does not require this Court to view the approach taken in *Weiner*, *Curr-Spec*, and *Scott* as "drive-by jurisdictional rulings" that improperly conflate a defendant's failure to establish an affirmative defense with the court's lack of subject matter jurisdiction. *See* ECF No. 49 at 5. To the contrary, the courts have been very clear that the jurisdiction question is separate from the merits question. *See, e.g., Matthews*, 2010 WL 2305750, at *4 ("The issue in this case is not whether Matthews is correct on the merits of the statute of limitations argument, but whether this Court has jurisdiction to decide whether Matthews is correct."). *Henderson*, which involved the deadline for filing a notice of appeal in the Veterans Court from the Veterans Administration's denial of a claim for benefits for service-connected disability, does not appear to change the outcome of the cases the United States relies on here. 131

---

[11] Rowland notes that their attorneys, who also represent the taxpayers in *Scott*, have sought rehearing en banc before the Fifth Circuit.

S. Ct. at 1205-06. *Henderson* emphasized the Veterans Administration's informal adjudicatory process in the context of the unique administrative scheme for veteran's benefits, and the solicitude shown the veteran applicants, in holding that the deadline for seeking Veterans Court review was not meant to have jurisdictional attributes. *Id.* "Neither the Tax Code, the adjudicative scheme it establishes, the TEFRA provisions, nor taxpayers are similar in any relevant respects to the administrative scheme for veterans benefits, the statutory provisions relating to their determination, or to veterans." *Varela,* No. 4:07-cv-343 at 17-19. The issue in *Henderson* was whether the fact that the appeal-filing deadline had elapsed meant that the Veterans Court lacked jurisdiction to decide the appeal. The issue here is not whether the fact that the deadline had expired deprived the court of jurisdiction. Rather, the issue here is whether a statutory provision stating that a district court lacks jurisdiction to make certain determinations means that the district courts lack jurisdiction to decide whether the deadline had elapsed or not. *Henderson* does not provide the support Rowland asserts. *See id.*

C.      Section 6621(c) Penalty Interest

Rowland alternatively seeks a refund of enhanced interest imposed by the IRS under § 6621(c) for underpayment of taxes. The United States asserts that this Court lacks jurisdiction over Rowland's § 6621(c) partial claim for refund. Specifically, the United States argues: (1) Rowland's claims with respect to § 6621(c) are barred by *res judicata*; (2) this Court lacks subject matter jurisdiction to review the claims regarding § 6621(c) penalty interest because it would require the Court to look at partnership items over which it lacks subject matter jurisdiction under § 7422(h); and (3) the Court lacks subject matter jurisdiction over Rowland's claim for refund based upon his failure to timely file the claim for refund. The United States essentially relies upon the same

arguments made, and opinions of the courts, in *Duffie v. United States*, No. H-06-2870, 2008 WL

4525370, 102 A.F.T.R.2d 2008-6383, 2008-2 USTC ¶ 50,582 (S.D. Tex. Sept. 30, 2008), affirmed

on appeal by 600 F.3d 362 (5th Cir. 2010), and *Keener v. United States*, 551 F.3d 1358 (Fed. Cir.

2009).[12]

Section 6621(c) imposes an interest rate of 120% of the statutory rate on "any substantial

underpayment attributable to tax motivated transactions."[13]  26 U.S.C. § 6621(c)(1) (1988).  A

"substantial underpayment" is any underpayment exceeding $1,000 per tax year. *Id.* § 6621(c)(2).

Included in the statutory definition of "tax motivated transaction" is "any sham or fraudulent

transaction."  *Id.* § 6621(c)(3)(A)(v).

Section 7422(h) prohibits partners from bringing individual actions "for a refund attributable

to partnership items . . . ."  As previously stated, a partnership item is defined as:

> any item required to be taken into account for the partnership's taxable year under
> any provision of subtitle A to the extent regulations prescribed by the Secretary
> provide that, for purposes of this subtitle, such item is more appropriately determined
> at the partnership level than at the partner level.

I.R.C. § 6231(a)(3).

In *Keener*, the court rejected the taxpayers' argument that § 6621(c) interest should not have

been assessed against them because the transactions for which that interest was imposed were not

"tax motivated transactions," as required by § 6621(c).  The court observed that determining whether

a particular partnership transaction is tax motivated, and specifically whether it is a "sham"

transaction, turns on "the nature of the partnership's transaction," which is a partnership item.

---

[12] Petitions for writs of certiorari in both cases have been denied by the Supreme Court.  *See* 131 S.Ct. 355, 178 L.Ed.2d 149 (U.S. 2010); 130 S.Ct. 153, 175 L.Ed.2d 38 (U.S. 2009).

[13] This section was repealed in 1989, but it applies to the tax years in question in this case (1984-1985).

*Keener*, 551 F.3d at 1366.  Accordingly, the court concluded that the taxpayers' challenges were "attributable to partnership items," and thus § 7422(h) barred those challenges from being litigated in a refund action.

The *Keener* court also dismissed the taxpayers' contention that, by issuing FPAAs that listed multiple, independent grounds for disallowance - some that qualified as tax motivated and some that did not - the IRS failed to make any conclusive determination as to whether the partnerships' transactions were tax motivated.  The court observed that, even assuming the taxpayers could raise their § 6621(c) claims in the refund proceeding, their argument would be unpersuasive because the IRS's inclusion of additional grounds for disallowance of their deductions did not somehow undermine its determination that the transactions as issue were tax motivated.  *Keener*, 551 F.3d at 1367 (it would be inequitable "to impose penalty interest when a deduction is disallowed because the partnerships' transactions were tax motivated, but *not* to impose penalty interest when that deduction is also disallowed on other inseparable grounds").

Here, the Agreed Decision in the PS3A Tax Court case states:

> That the foregoing adjustments to partnership income and expense are attributable to transactions which lack economic substance, as described in former I.R.C. § 6621(c)(3)(A)(v), so as to result in a substantial distortion of income and expense, as described in I.R.C. § 6621(c)(3)(A)(iv), when computed under the partnership's cash receipts and disbursements method of accounting.

*Pump Station III Assoc. v. Comm'r*, No. 15040-91 (July 19, 2011) (stipulation of settled issues).

Rowland asserts that the terms of the agreed decision do not establish sham, and that the TMP testified that was not the intended meaning.  The court rejected a similar argument made by the Plaintiff-Appellants in *Prati.*  In *Prati,* the Plaintiff-Appellants argued that the stipulated decision in the Tax Court attributing the disallowance of their deduction to a "lack of economic

substance" in the underlying transaction was different from a "sham transaction." 603 F.3d at 1309. The court disagreed and held that their argument was directed to the nature of the partnership transaction and therefore barred by section 7422(h). *Id.*

Plaintiff-Appellants in *Prati,* like Rowland, also argued that the penalty issue remained open for decision in the refund action based on the language of the agreed decision. The Fifth Circuit rejected this argument, and found that the "Tax Court's decision clearly equated lack of economic substance with 'sham transaction' by specifically citing I.R.C. § 6621(c)(3)(A)(v), the provision that defines tax-motivated transactions as including "any sham or fraudulent transaction." *Id.* The Agreed Decision in this case likewise cites to I.R.C. § 6621(c)(3)(A)(v) in holding that the adjustments to partnership income and expense are attributable to transactions which lack economic substance. Therefore, based on *Duffie, Keener,* and *Prati,* the Court finds that Rowland's claims regarding § 6621(c) penalty interest are barred by § 7422(h).

## IV.    Conclusion

Based on the foregoing, the Court finds that Plaintiff Rowland's claims for abatement of interest under § 6404(e) of the Code should be dismissed. The Court further finds that Rowland's claims based on untimely assessment under § 6501(a) should be dismissed for lack of subject matter jurisdiction. The Court also finds that Rowland's claims for refund of enhanced interest imposed by the IRS under § 6621(c) should be dismissed based on § 7422(h).

Accordingly, it is hereby **ORDERED** that Plaintiff's claims for abatement of interest pursuant to 26 U.S.C. § 6404(e) are **DISMISSED**; Plaintiff's claim for untimely assessment under 26 U.S.C. § 6501(a) is **DISMISSED**; the United States' Motion for Summary Judgment regarding

§ 6621(c) penalty interest (ECF No. 34) is **GRANTED**; and Plaintiff's Motion for Summary Judgment (ECF No. 37) is **DENIED**.

      **SO ORDERED** this **22nd** day of **June, 2011.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**